## SALDO *v.* STATE

[No. 174, October Term, 1954.]

422

Decided June 13, 1955.

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*John Grason Turnbull*, with whom was *Austin W. Brizendine* on the brief, for appellant.

*Stedman Prescott, Jr.*, Assistant Attorney General, with whom were *C. Ferdinand Sybert, Attorney General*, and *John E. Raine, Jr., State's Attorney for Baltimore County*, on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

On an information charging the unlawful placing of bets on horse racing, the appellant was convicted by the court sitting without a jury and sentenced to one year in the House of Correction and a fine of $1,000. The sole question raised is as to the sufficiency of the evidence to support the verdict.

On September 1, 1954, at about 4:30 P.M., two police officers went to the McKenna Steak House, a one-story tavern and restaurant on Pulaski Highway in Baltimore County, and asked for the appellant. They were told by the girl behind the bar that he was not there. Upon the arrival of a third officer, they all three went into a back room of the tavern. As they entered, they saw

the appellant and another unidentified person sitting at each end of a large table. There were papers on the table and two telephones which were ringing continually. Sergeant Kisielewski testified that there was a chair at each end of the table and a telephone on each end. There were two scratch sheets on each end of the table, and slips with writing on them, "horses' names and such as that". In cross-examination the witness admitted that Saldo told him he had gone there to look for a job as a bartender. He did not know whether any of the slips were in Saldo's handwriting. He did not know what happened to the other man, but Saldo was arrested. The papers on the table were taken into custody and duly put in evidence. There was testimony that the slips bore the names of horses that were running on that date. The total of the bets indicated a play of about $1,500. A cigar box containing currency was found in a cupboard in the room. When the State rested its case the accused did not take the stand.

The appellant concedes that the evidence was sufficient to establish an active gambling operation, at which the appellant was present, but denies that there was any proof of participation by the appellant, who was not shown to have any interest in the premises as tenant, employee or otherwise. He stresses the absence of any explanation for the apparent escape of the other man, the failure to show that any officer answered the telephones, that Saldo ever used the telephone or made any entry on the slips. There was no effort to prove his handwriting. On this point, however, the trial judge, who examined all the papers in evidence, expressed the opinion that "It is unquestionably true these slips are in two handwritings." While criticizing the work of the police officers, the court found the evidence sufficient. We agree.

The evidence places the two men at each end of a table, with a scratch sheet and telephone before each, the telephones ringing and the table covered with slips in two handwritings on which bets on horses running that day

had been noted. The inference that the entries were made by each of the two men, prior to the appearance of the officers, seems quite permissible. Of course, the court did not have to believe the explanation of his presence made by the accused to the officers, particularly when his presence on the premises was denied by the person in charge of the tavern. The circumstances as to the operation in the back room connect the accused directly with the gambling operation and tend to rebut the theory that he was a casual visitor. On its facts the case falls in the pattern of *Berry v. State,* 202 Md. 62, *King v. State,* 201 Md. 303, and *Lambert v. State,* 196 Md. 57, rather than that of *Yanch v. State,* 201 Md. 296 and *DeAngelo v. State,* 199 Md. 48. We find no occasion to discuss the authorities from other states cited by the appellant.

*Judgment affirmed, with costs.*